UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v.  )<br>)<br>TIMOTHY TYLER, )<br>)<br>Defendant. ) | Cause No. 4:21-cr-18-TWP-VTW |

**REPORT AND RECOMMENDATION**

On October 22, 2025, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 9, 2025 (Dkt. 53). Defendant Timothy Tyler appeared in person with his appointed counsel Jonathan Hodge. The government appeared by Kelsey Massa, Assistant United States Attorney. U. S. Probation appeared by Officer Shallon Watson.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Mr. Tyler of his rights and provided him with a copy of the petition at the Initial Hearing held on October 17, 2025.

2. After being placed under oath, Mr. Tyler admitted violation numbers 2 through 5 of the Petition. The defendant also agrees the Government could carry its burden by a preponderance of the evidence as to Violation No. 1 of the Petition (Dkt. 53).

3. The allegations to which Defendant admitted and/or agrees he violated, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You shall not commit another federal, state, or local crime."** |
| | On October 7, 2025, Mr. Tyler was charged in Clark County, Indiana, under case number 10C04-2510-F4-00047 with Ct. 1: Criminal Confinement as a Level 4 Felony; Ct. 2: Domestic Battery Resulting in Moderate Bodily Injury as a Level 6 Felony; and Ct. 3: Strangulation as a Level 6 Felony. The incident occurred on September 30, 2025 |
| 2 | **"You shall reside at a location approved by the probation officer and shall notify the probation officer at least 72 hours prior to any planned change in place or circumstances of residence or employment. (including, but not limited to, changes in who lives there, job positions, job responsibilities). When prior notification is not possible, you shall notify the probation officer within 72 hours of the change."** |
| | Mr. Tyler was evicted from his residence on 09/30/2025 and was not truthful with this officer when he was questioned about his current living situation. Mr. Tyler assured this officer he was still residing at 929 Virginia Avenue, Clarksville, Indiana; however, that was not true. |
| 3 | **"You shall participate in a substance abuse or alcohol treatment program approved by the probation officer and abide by the rules and regulations of that program. The probation officer shall supervise your participation in the program (provider, location, modality, duration, intensity, etc.). The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |
| | Mr. Tyler has failed to report to all scheduled appointments with LifeSpring Health Systems for substance abuse treatment. He last missed an appointment on September 25, 2025. |
| 4 | **"You shall participate in a mental health treatment program, as approved by the probation officer, and abide by the rules and regulations of that program. The probation officer, in consultation with the treatment provider, shall supervise participation in the program (provider, location, modality, duration, intensity, etc.). You shall take all mental health medications that are prescribed by your treating physician. The court authorizes the release of the presentence report and available evaluations to the treatment provider, as approved by the probation officer."** |

    Mr. Tyler has failed to report to all scheduled mental health appointments with LifeSpring Health Systems.

  5  **"You shall notify the probation officer within 72 hours of being arrested, charged, or questioned by a law enforcement officer."**

    Mr. Tyler had direct contact with law enforcement on June 13, 2025 and July 23, 2025. Mr. Tyler did not report this contact to his probation officer.

  4. The parties stipulated that:

    (a) The highest grade of violation is a Grade A violation.

    (b) Defendant's criminal history category is VI.

    (c) The period of imprisonment applicable upon revocation of supervised release, therefore, is 24 months' imprisonment.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of 24 months with no supervised release to follow.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

So RECOMMENDED this 24th day of October, 2025.

                  _____
                   VAN WILLIS
                   United States Magistrate Judge
                   Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system